**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DWIGHT L. ALLEN, | : | PRISONER CIVIL RIGHTS |
| GDC No. 1054462, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:17-CV-2398-TWT-JSA |
| | : | |
| STATE OF GEORGIA, *et al.*, | : | |
|     Defendants. | : | |

**<u>MAGISTRATE JUDGE'S FINAL REPORT AND
RECOMMENDATION</u>**

Plaintiff has filed the instant *pro se* civil rights action without submitting the $400.00 filing fee or a request to proceed *in forma pauperis*. According to Subsection (g) of 28 U.S.C. § 1915, a prisoner is prohibited from bringing a civil action in federal court *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has at least three such prior dismissals. *See Allen v. Gregory*, Civil Action No. 2:09-cv-156 (S.D. Ga. Mar. 11, 2010) (dismissing Plaintiff's complaint for failure to state a claim); *accord Allen v. Hamilton*, Civil Action No.

AO 72A
(Rev.8/82)

2:09-CV-146 (S.D. Ga. Feb. 8, 2010); *see also Allen v. State of Georgia, et al.*, Civil Action No. 1:16-CV-3167-TWT-JSA (N.D. Ga. Oct. 7, 2016) (dismissing Plaintiff's civil rights complaint under 42 U.S. § 1983 for three strikes under § 1915(g)); *accord*, *Allen v. Hart*, Civil Action No. 5:12-cv-045 (S.D. Ga. Oct. 24, 2012). Plaintiff does not allege that he is in imminent danger of serious physical injury. (*See* Doc. 1).[1]

According to the Eleventh Circuit, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of § 1915(g). The prisoner . . . must pay the filing fee at the time he initiates the suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint pursuant to § 1915(g) because there was no evidence that the plaintiff paid the filing fee at the time he initiated suit or that he was in imminent danger of serious physical injury).

---

[1] In fact, Plaintiff raises claims identical to those claims he raised in a previous complaint in this Court several years ago, which the Court found was barred by the statute of limitations. *See Allen v. Deal, et al.*, Civil Action No. 1:13-CV-4197-TWT-ECS (N.D. Ga. Jan. 31, 2014).

2

Based on the foregoing, **IT IS RECOMMENDED** that leave for Plaintiff to proceed *in forma pauperis* be **DENIED** and that the instant action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 29th day of June, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE